1  Gary F. Wang (SBN 195,656)
2  garywang@gfwanglaw.com
   Jeannine V. Stepanian (SBN 313,291)
3  jstepanian@gfwanglaw.com
4  Law Offices of Gary F. Wang
   448 South Pasadena Avenue
5  Pasadena, California 91105-1838
6  Telephone: (626) 585-8001
   Facsimile: (626) 585-8002
7
8  Attorneys for Fox Luggage, Inc.

9

10              **UNITED STATES DISTRICT COURT**
11      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12
   SINCERE ORIENT COMMERCIAL          CASE No.: 2:17-CV-04755-PSG-RAO
13 CORPORATION, a California
   corporation,
14
              Plaintiff,
15
                                       **MEMORANDUM OF POINTS**
       v.                              **AND AUTHORITIES IN**
16                                     **SUPPORT OF MOTION TO SET**
   CITY OF INDUSTRY, SUCCESSOR         **ASIDE ENTRY OF DEFAULT**
17 AGENCY TO THE INDUSTRY              **FOR DEFENDANT FOX**
   URBAN-DEVELOPMENT                   **LUGGAGE, INC.**
18 AGENCY, California unit of local
   government; FOX LUGGAGE, INC. a
19 California corporation; and DOES 1   Assigned to Hon. Philip S. Gutierrez
20 through 50, inclusive,
21
              Defendants.
22

23

24

25

26

27

28

LAW OFFICES OF
GARY F. WANG

# **TABLE OF CONTENTS**

I.     INTRODUCTION .........................................................................1

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY .................1

III.   ARGUMENT..............................................................................2

      A. DEFENDANT'S DELAY IN RESPONSE WAS NOT
         CULPABLE.........................................................................2

      B. DEFENDANT HAS A MERITORIOUS RESPONSE TO THE LAWSUIT
         ................................................................................3

      C. PLAINTIFF WILL NOT SUFFER PREJUDICE ......................................4

IV.    CONCLUSION ...........................................................................4

# TABLE OF AUTHORITIES

## Cases

*Audio Toys, Inc. v. Smart AV Pty Ltd.*,
2007 U.S. Dist. LEXIS 44078 (N.D. Cal. June 6, 2007)..................................3, 4

*Bateman v. United States Postal Service*,
231 F.3d 1220 (9th Cir. 2000)...................................................................................4

*Bonita Packing Co. v. O'Sullivan*,
165 F.R.D. 610 (C.D. Cal. 1995)..............................................................................2

*Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*,
375 F.3d 922 (9th Cir. 2004)....................................................................................2

*Hawaii Carpenters' Trust Funds v. Stone*,
794 F.2d 508 (9th Cir. 1986)....................................................................................3

*Meadows v. Dominican Republic*,
817 F.2d 517 (9th Cir. 1987)....................................................................................2

*TCI Group Life Ins. Plan v. Knoebber*,
244 F.3d 691 (9th Cir. 2001)....................................................................................2

## Statutes

Fed. R. Civ. P. 55(c)........................................................................................1, 2, 5

Fed. R. Civ. P. 60(b)(1)............................................................................................2

## I.    INTRODUCTION

This court should set aside the entry of default against Defendant Fox Luggage, Inc. ("Defendant" or "Fox Luggage") pursuant to Fed. R. P. 55(c) because there is good cause for Defendant's delay in appearing in this action. Defendant's counsel has repeatedly contacted Plaintiff's counsel for meet and confer conference prior to the filing of this Motion. (Decl. of Gary Wang ¶¶ 2, 3, 4, 5, 6, 7, 8, and 9.)   Defendant's counsel has not received an electronic message, phone call, or any other correspondence from Plaintiff's counsel since November 9, 2017. (Decl. of Gary Wang ¶ 10.)  Despite repeated attempts via multiple channels of communication to contact Plaintiff's counsel to meet and confer regarding the motion to set aside default, Defendant's counsel has been unable to reach Plaintiff's counsel. (Id.)

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff e-filed the Complaint in U.S. District Court, Central District of California, on June 27, 2017. (Dkt. 1).  To the best of Fox Luggage's knowledge, service of Summons and the First Amended Complaint in this action were made on Fox Luggage's agent of service, Grace Chin, at 821 S. Garfield Ave. #201, Alhambra, CA 91801, on or about September 20, 2017. (Decl. of Defendant ¶2.) Grace Chin indicated she received the complaint on or about September 20, 2017. (Decl. of Defendant ¶ 3a.)  Ms. Chin has asserted she believed she put the documents in an envelope and mailed them via regular mail to Fox Luggage. (Decl. of Defendant ¶ 3a.)

On October 16, 2017, Judge Philip S. Gutierrez entered the Court's Order Extending Time for Filing Responsive Pleading, thereby extending the deadline to respond to the First Amended Complaint from October 16, 2017 to November 15, 2017. (Dkt. 14.)  On October 26, 2017, Plaintiff Sincere Orient Commercial Corporation filed a Request to Enter Default.

On or about November 2, 2017, Fox Luggage received a letter from Ms. Chin

via regular USPS mail containing the Request for Entry of Default, which Ms. Chin had received from the Plaintiff. (Decl. of Defendant ¶ 3b.)  It was at this time that the president of Fox Luggage Inc., Wayne Wang, first learned of the suit.  Mr. Wang retained counsel on behalf of Fox Luggage shortly thereafter.  Counsel contacted Plaintiff's counsel on or about November 7, 2017 to meet and confer regarding the filing of a motion to set aside default. (Decl. of Gary Wang ¶ 2.) Plaintiff's counsel acquiesced to the proposed motion to set aside default, at which point Fox Luggage's counsel prepared this memorandum and the Motion to Set Aside Entry of Default Against Defendant Fox Luggage, Inc. filed herewith.

## III.   ARGUMENT

Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside upon showing of good cause. Fed. R. Civ. P. 55(c). While the standard for setting aside entry of default under Rule 55(c) is the same as setting aside default judgment under Rule, the test for setting aside entry of default is less rigid and more generous to the party in default. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.,* 373 F.3d 922, 925 (9th Cir. 2004).

Three factors must be considered when deciding to set aside default: (1) whether defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. *Id.* at 925-26. Furthermore, "[t]he law does not favor defaults," and "any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995).

### A.   Defendant's Delay in Response was Not Culpable

Analysis of "culpability" for the purposes of demonstrating good cause under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *see also Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir. 1987) (finding

1  conduct of defendants in district court was culpable because defendants were aware

2  of federal law, and their *intentional* failure to respond to the action was not

3  excusable neglect).  The Ninth Circuit finds a negligent failure to respond excusable

4  if the defaulting party offers a credible, good-faith explanation for the delay that

5  negates "any intention to take advantage of the opposing party, interfere with

6  judicial decision-making, or otherwise manipulate the legal process." *Knoebber*,

7  244 F.3d at 697-98.  Further, in analyzing culpability, the Court may consider a

8  defendant's exigent personal matters, his mental state, and his lack of familiarity

9  with legal matters. *See id*. at 699 (finding defendant's delay in response not

10  culpable because she was grieving the death of her husband and was not familiar

11  with the legal system).

12      While Defendant did not file a response with the Court in time, Defendant's

13  conduct was excusable because Wayne Wang, President of Fox Luggage, Inc., did

14  not receive the complaint mailed by Agent for Service of Process Grace Chin on or

15  about September 20, 2017. (Decl. of Defendant ¶ 3a.) Defendant did not become

16  aware of the suit until Mr. Wayne received a letter from Grace Chin on or about

17  November 2, 2017, containing the Request for Entry of Default from the plaintiff.

18  (Decl. of Defendant ¶ 3b.) Defendant confirmed lack of receipt of the complaint by

19  verifying with Fox Luggage staff that no such documents were received. (Decl. of

20  Defendant ¶ 3c.)

21          **B.   Defendant Has a Meritorious Response to the Lawsuit**

22      A defense is considered meritorious if "there is some possibility that the

23  outcome of the suit after a full trial will be contrary to the result achieved by the

24  default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir.

25  1986). All that is required is an assertion of "a factual or legal basis that is sufficient

26  to raise a particular defense; the question of whether a particular factual allegation

27  is true is resolved at a later stage." *Audio Toys, Inc. v. Smart AV Pty Ltd*., 2007 U.S.

28  Dist. LEXIS 44078, *8 (N.D. Cal. June 6, 2007).

1    At this time Defendant plans to assert multiple affirmative defenses, while
2  reserving the right to assert any and all additional defenses the bases of which may
3  be discovered during the course of discovery. These affirmative defenses include
4  but are not limited to: failure to state a claim upon which relief can be granted,
5  complaint barred by doctrine of unclean hands, complaint barred by the statute of
6  limitations, invalid patents, defective legal theory, the doctrine of acquiescence, and
7  innocent infringement pursuant to 15 U.S.C. § 1114(2)(A).

8    If Defendant prevails on these defenses, the outcome would be contrary to
9  the result achieved by default. Therefore, Defendant has set forth a meritorious
10 defense and satisfies the second good cause factor.

11                **C.     Plaintiff Will Not Suffer Prejudice**

12   Prejudice is determined by whether a party will be hindered in pursuing its
13 claim. *See Knoebber*, 244 F.3d at 701. The fact that a party may be denied a quick
14 victory is not sufficient to deny relief from default judgment. *Bateman v. United*
15 *States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000). "The delay must result
16 in tangible harm such as loss of evidence, increased difficulties of discovery, or
17 greater opportunity for fraud or collusion." *Audio Toys*, 2007 U.S. Dist. LEXIS at
18 *9.

19   Allowing the case to move forward on the merits after only a short delay
20 should not prejudice Plaintiff's ability to litigate its case.  The only prejudice that
21 might result to Plaintiff by a denial of default judgment is that Plaintiff will not be
22 able to ensure an easy victory.  As no prejudice will result to Plaintiff in reopening
23 this case, the third and final good cause factor is satisfied.

24 **IV.   Conclusion**

25   Defendant is ready and willing to litigate this lawsuit.  Defendant's delay in
26 responding was not culpable, Defendant has meritorious defenses, and Plaintiff will
27 not suffer any prejudice in pursuing its claims if default is set aside.  Based on these

28

1  reasons, Defendant has met the good cause standard of Rule 55(c) and this Court

2  should grant Defendant's motion to set aside the entry of default.

3

4                                    Respectfully submitted,

5                                    LAW OFFICES OF GARY F. WANG

6

7  Dated: November 22, 2017        By: */s/ Gary F. Wang*_____

8                                        Gary F. Wang
                                         Attorney for Defendant
9                                        Fox Luggage, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28